### AUGUST HENKEL ET AL V. PETER STAHL.

1. FAILURE TO ALLEGE KNOWLEDGE OF DEFECTIVE MACHINERY, GROUND FOR DEMURRER.

Failure to allege, in a suit for injuries to an employe from a defective piece of machinery, that the defendant owner had knowledge of or could have known of the defect by the exercise of ordinary care, or that he knew or ought to have known that it was being unskillfully operated, and that the employe was ignorant of these facts, is ground for demurrer.

2. Testimony in Bill of Exceptions Does not Cure Such Defects in Petition.

The fact that a bill of exceptions contains testimony establishing these omitted allegations does not cure the defect in the petition.

3. Testimony as to Defect in Machinery Several Months Previous to Injury, Inadmissible, When.

Testimony tending to show the defective condition of the machine several months subsequent to the accident, when it is not shown that it was in substantially the same condition then as when the accident occurred, is inadmissible.

Error to the Common Pleas of Hamilton county.

The defendant in error, a stonemason in the employ of the plaintiffs in error, recovered a verdict below on account of injuries from being struck by the lever of a hoisting machine, which gave way with a load upon it causing the lever to fly back with great force. A demurrer to the petition was interposed on the ground that in a case of this character the petition should contain an averment that the defendants had knowledge of the defect in the machinery or appliances which caused the accident, or in the exercise of ordinary care should have known of it; or that they knew, or ought to have known, that the employe whose failure to exercise proper skill in the use of the machine which produced the injury, was incompetent, and also to allege that the plaintiff, himself, had no knowledge of such defect or incompetency. The demurrer was overruled.

Smith, J.

We are of the opinion that in both of these particulars the petition was fatally defective; that it did not make a case of negligence against the defendants or show that plaintiff was entitled to recover against them, and that the court erred in overruling the demurrer filed thereto. This seems clear under the ruling of the Supreme Court in Coal & Car Co. v. Norman, 49 O. S., 598. * * *

But it is urged by counsel for the defendant in error that even if this ruling was erroneous, that it was not prejudical to the right of the plaintiffs in error, for the reasons, as he claims, that the evidence in the bill of exceptions show that the defendants below did know of the defects or ought to have known of them, and that the plaintiff was ignorant of them. If it be conceded that such was the fact, we are of the opinion that this would not cure the error. If no cause of action is set out in the petition and a demurrer is filed to it on this ground, it should be sustained, and the defendant not put to the expense and trouble of a trial in a case where no legal claim is asserted against him. If a defendant should fail to demur to such a petition, but voluntarily file an answer and go to trial, and the evidence then shows that there is a good cause of action, it might be different.

" * * * But we are of the opinion that it was not shown by a preponderance of the evidence that the defendants at the time of the injury knew of the defect in the machine, if it then existed, or failed to exercise ordinary care to ascertain it."

Evidence was admitted in the trial court over the objection of the defendant as to the condition of the machine several months after the accident occurred, when it was not shown that it was then in substantially the same condition as when the plaintiff received the injury, or that the defects existing in it at the time it was examined by the witnesses were

Ryan v. Railway Co.

not produced after .the accident.   This evidence this court holds was incompetent.

The trial Judge charged " that if within a reasonable time aftcr the accident the machine was found to be broken and defective, then the presumption arises that such defects existed at the time of the accident, and at this point the burden of proof shifts from the plaintiff to the defendants to satisfy you by a preponderance of the evidence that such defects did not exist at the time of the happening of the injury complained of."

To this charge exception was taken, and the reviewing court holds that it stated the law too strongly against the defendants.

Judgment reversed and cause remanded.

*Louis J. Dolle,* for plaintiff in error.

---

## DEBTORS AND CREDITORS.

[Hamilton Circuit Court, 1898.]

Marvin, Caldwell and Douglass, JJ.

(Sitting in First Circuit.)